BOTELER, TRUSTEE, *v.* INGELS, DIRECTOR OF
MOTOR VEHICLES OF CALIFORNIA, ET AL.

Nos. 15 and 16. Argued October 16, 1939.—Decided
November 6, 1939.

*Mr. Raphael Dechter,* with whom *Messrs. Thomas S. Tobin* and *Joseph J. Rifkind* were on the brief, for petitioner.

*Mr. H. H. Linney,* Deputy Attorney General of California, with whom *Messrs. Earl Warren,* Attorney General, and *Frank W. Richards,* Deputy Attorney General, were on the brief, for respondents.

Mr. Justice Black delivered the opinion of the Court.

Under California law vehicle license and registration fees are due the State on January first of each year; they become delinquent when a vehicle is operated without registration and license; if the fees are not paid within thirty days after delinquency a penalty equal to the fees accrues; fees and penalties are protected by statutory lien on the vehicle from the due date.[1]

The single question presented is sufficiently stated by the petition for certiorari:

"Is a bankrupt's estate liable to penalties imposed by state statutes for non-payment of automobile license fees where license fees and penalties claims accrued during operations for purposes of liquidation of the business of bankrupt's estate by the Trustee in Bankruptcy?"

As trustees of a business in bankruptcy, petitioner and his predecessor continuously operated unregistered and unlicensed vehicles on California highways, from January first to February twenty-seventh. Tender of fees without accrued penalties was rejected by California. Upon petition of the trustee, the referee in bankruptcy ordered the vehicles sold free and clear of any claims or liens of the State but permitted California to file claims for fees, without penalties, within thirty days or be forever barred. The referee's order was confirmed by the District Court which also directed California officials (respondents here) to issue licenses to the trustee. The Circuit Court of Appeals reversed, ordering alternatively that accrued fees and penalties be paid, or that the vehicles be disposed of subject to the lien of the State for the unpaid taxes and penalties.[2] Because of asserted conflict with the

---

[1] c. 362, Calif. Stat. of 1935, p. 1313, as amended. c. 27, Calif. Stat. of 1935, Calif. Vehicle Code, pp. 147, 150, 151.

[2] 100 F. 2d 915. The court below stated that the two cases here reviewed (Nos. 15, 16) "involved the identical facts, were consolidated

Court of Appeals for the Seventh Circuit,[3] we granted certiorari.

The trustee insists that the State is barred from collecting the penalties because of subdivision 57 (j) of the Bankruptcy Act[4] which provides:

"Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

Recognizing that 57 (j) prohibits allowance of tax penalties accruing prior to bankruptcy,[5] the State nevertheless insists that this subdivision does not exempt the trustee from state laws applicable to the business he operates after bankruptcy. California considers the trustee subject to the requirements and penalties of its license and registration laws under an Act of Congress of June 18, 1934, 48 Stat. 993, reading in part as follows:

"Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation; . . . "

*First.* Subdivision 57 (j) prohibits allowance of a tax penalty against the bankrupt estate only if incurred by the bankrupt before bankruptcy by reason of his own delinquency. After bankruptcy, it does not purport to ex-

---

for briefing and hearing and are disposed of in this opinion." We have followed the same course.

[3] *In re Messenger's Merchants Lunch Room,* 85 F. 2d 1002.

[4] c. 6, 11 U. S. C., § 93 (j).

[5] Cf. *New York* v. *Jersawit,* 263 U. S. 493, 496.

empt the trustee from the operation of state laws, or to relieve the estate from liability for the trustee's delinquencies.[6] For 57 (j) is a subdivision of § 57 of the Bankruptcy Act governing "Proof and Allowance of Claims." And 57 (a) makes clear that § 57 as a whole relates only to claims "justly owing from the bankrupt to the creditor." The fees and penalties in issue were incurred by the trustee in operating the bankrupt business, and thus were not owed by the bankrupt to the State as a "creditor." Therefore, regardless of other rights the State might have, it could not file proof of claim for these fees and penalties as a creditor under § 57. And neither the tax liability nor the penalties incurred by the trustee after bankruptcy are governed by this section or its subdivisions. We must look elsewhere than to 57 (j) to determine whether the court below correctly held that California may enforce its statutory penalties against this estate.

*Second.* The Act of June 18, 1934 declares that a trustee in bankruptcy conducting a business, as this trustee was, "shall . . . be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation. . . ." As originally offered, this Act applied only to receivers.[7] Reported by the House Committee on the Judiciary without amendment,[8] the bill was amended on the House floor to apply not only to receivers but to a "liquidator, referee, trustee or other officer or agent."[9]

We need not determine whether, without legislation such as the 1934 Act, the fact that a local business in

---

[6] Whether the trustee might be personally surcharged because his refusal to pay the fees subjected the estate to the increased liability of the penalties, is not presented.

[7] Cong. Record, 73rd Cong., 2nd Sess., p. 4037.

[8] *Id.*, p. 6067.

[9] *Id.*, p. 6656.

bankruptcy is operated by a bankruptcy trustee makes the business immune from state laws and valid measures for their enforcement. Clearly, means of permitting such immunity from local laws will not be read into the Bankruptcy Act. At any rate, Congress has here with vigor and clarity declared that a trustee and other court appointees who operate businesses must do so subject to state taxes "the same as if such business [es] were conducted by an individual or corporation." If businesses in California not conducted by a bankruptcy trustee are delinquent in the fees, they must pay the penalty. However, petitioner's contention would exempt a trustee operating a business in bankruptcy from this double tax liability which other delinquents must bear. A State would thus be accorded the theoretical privilege of taxing businesses operated by trustees in bankruptcy on an equal footing with all other businesses, but would be denied the traditional and almost universal method of enforcing prompt payment.

Taxation on and regulation of highway traffic are matters of constantly increasing importance and concern to the States. The Act of 1934 indicates a Congressional purpose to facilitate—not to obstruct—enforcement of state laws; the court below correctly recognized and applied this Congressional purpose and its judgment is

*Affirmed.*

Mr. Justice Butler took no part in the consideration or decision of this case.