## HEENEHAN v. PRUDENCE REALIZA-TION CORPORATION.

### No. 235.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1940.

CHASE, Circuit Judge, dissenting.

———◆———

James T. Heenehan, of New York City (Gerald Donovan and John Lane, both of New York City, of counsel), for appellant.

Irving L. Schanzer, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

This is an appeal from an order in bankruptcy, refusing any allowance to an attorney for the State Superintendent of Banks, for services rendered after Feb-ruary 2, 1935, in a reörganization proceeding under § 77B, 11 U.S.C.A. § 207. The judge thought this date critical for the following reasons. The Superintendent took possession of the debtor, Prudence Company, Inc., in September, 1934, and was "rehabilitating" it under § 57 [1] of the Banking Law (Consol.Laws, c. 2). Three of its creditors filed a petition in bankruptcy against it on October 19th; and the same three, a petition for reörganization under § 77B on October 26th. The Superintendent filed an answer to these petitions on November 3rd, on the grounds, among others, that the debtor was a banking and an insurance company, and not subject to the bankruptcy law. On November 5th three others creditors filed an answer to the petitions, also on the ground, among others, that the debtor was not a banking corporation. The district court heard evidence, and on January 24th, 1935, the debtor filed a voluntary petition for reörganization under § 77B, which the Superintendent moved to dismiss on January 30th, and to which the three opposing creditors filed an answer on January 31st. On February 1st, the judge approved this voluntary petition for reörganization, appointed trustees, and directed the Superintendent to deliver the property to them. On February 4th, the Superintendent appealed, and the opposing creditors did the same on February 6th. We granted leave to appeal to the Superintendent on February 15th, and to the creditors on February 18th. Both appellants filed long briefs and reply briefs and the creditors a "supplemental brief", the points argued by each being substantially the same. We held that the debtor was neither a banking, nor an insurance company and affirmed the order of the district court on July 22nd. In Re Prudence Co. Inc., 2 Cir., 79 F.2d 77. The Superintendent and the creditors applied for certiorari, and both petitions were denied on November 25th. Egbert v. Callaghan; Garlick v. Prudence Co. Inc., 296 U.S. 646, 56 S.Ct. 248, 80 L.Ed. 459. The judge refused to allow anything for services or expenses to the Superintendent's attorney upon the appeal to us or upon petition for certiorari because he held that he was without power to do so under the statute.

While the case seems to be one of first impression, we think that the statute authorizes an allowance in these circumstances. It provides for an allowance for

---

[1] Now Banking Law, § 606.

any "services rendered * * * in connection with the proceeding", as well as with the "plan", § 77B (c) (9); and the appeal certainly concerned the "proceeding". The appellant argues that what he did was a benefit to the estate, because the question at issue was the jurisdiction of the court over the subject matter, which was then supposed to be always open to collateral attack. Neither Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, nor Chicot County Drainage District v. Baxter State Bank, 308 U.S. ——, 60 S.Ct. 317, 84 L.Ed. ——, had been decided, and it was not so clear as it has now become that the deliberate assertion by a bankruptcy court of its jurisdiction was everywhere conclusive. Therefore it seems to us possible that to secure the rulings of the higher courts upon the jurisdiction of the bankruptcy court might at that time have been a benefit to the estate by assuring the validity of what should be done. As mere matter of power, we think the judge could have made an allowance for services and expenses.

That does not, however, mean that he necessarily should have done so; as to that we are in doubt. As we have said, creditors who had opposed the petition in the district court, appealed on their own account, and it may well turn out that they would have pressed their appeal, regardless of whether the Superintendent went on with his, or not. If they would have, the question of jurisdiction was sure to be tested anyway, and it is impossible to see how the Superintendent's appeal helped the proceeding. So far as he prosecuted it merely to establish his own authority as a state officer, the cost was on his account and his attorney must look to him. We must therefore remand the case to the bankruptcy court; all that we now decide is that if the Superintendent's appeal was a benefit to the estate, the judge had power to make a commensurate allowance for the services rendered.

·Order reversed.

CHASE, Circuit Judge (dissenting).

The appellant, as attorney for the State Superintendent of Banks, did perform services which may be said to have been in the proceeding. So, too, did every lawyer who may have appeared therein and have done some work, but it would be idle to suggest that the statute contemplates allowances for all such or for·those attorneys who may by their services have helped to clarify the law. Where reliance must be only upon

this general statutory provision, the test should be one of benefit to the estate. Perhaps the judge was in error in denying any allowance because of an absolute lack of power. However that may be, I cannot agree that cause for reversal has been shown.

These services were rendered in an endeavor to make the reorganization proceeding abortive. Only because they were unsuccessful, were they in any sense "beneficial". They were in fact obstructive and resulted only in delay and unnecessary expense. The vague general benefit to be derived by all debtors in reorganization in company with all others interested from having the law become more settled by authoritative judicial interpretation is not, I think, the sort of benefit to this particular debtor's estate which will in any event justify an allowance to the appellant. As he can point to no more tangible fruits of his efforts in taking and prosecuting the appeal, his application for an allowance was properly denied whether or not the reason given was right or wrong and a renewed application should fare no better.

I would affirm.