EDWARD RAYNE McCOMB HERZOG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91581.   Promulgated March 5, 1940.

*William Byrd, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioner concededly made a transfer by gift in trust. He contends that only the remainder interest in the corpus may be used to measure the gift tax. The income, he says, was not the subject of the gift. Apparently he has been taxed under the income tax upon the income which by virtue of the trustee's direction was distributed to him.

There would be no doubt of his nonliability for gift tax upon the value of the income if he had reserved to himself the absolute right to the income for his life. Cf. *Porter* v. *Commissioner*, 288 U. S. 436; *Rasquin* v. *Humphreys*, 308 U. S. 60. But he made no such reservation. He transferred the entire property. Whether he would enjoy any of its income depended entirely on the trustee, who, in his uncontrolled discretion, could deprive him of it completely. It was only by virtue of the trustee's direction, which on this record must be regarded as entirely voluntary, that the donor received any of the income; and this direction might be terminated whenever the trustee deemed it proper that the wife should receive the income. Such a hope or passive expectancy is not a right. It is not enough to lessen the value of the property transferred. *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642.

Since the transfer by the petitioner was complete, the gift tax is, by its own terms, applicable to the value of the entire property transferred. There is, however, always the necessity of not overlooking the interrelation of the gift tax and the estate tax, *Estate of Sanford* v. *Commissioner*, 308 U. S. 39. While in this proceeding no decision may be made as to the inclusion of the trust property in the donor's gross estate at the time of his death, nothing which can now be foreseen as to a possible estate tax would be at variance with the present decision.

*Decision will be entered for the respondent.*