## In re CHICAGO & N. W. RY. CO.
### No. 60448.

District Court, N. D. Illinois, E. D.
Jan. 27, 1941.

Robert N. Holt, William T. Faricy, and Lowell Hastings, all of Chicago, Ill., for petitioner.

Thomas J. Courtney, State's Atty., and Francis S. Clamitz, Asst. State's Atty., both of Chicago, Ill., for respondent.

BARNES, District Judge.

This cause comes on to be heard on the petition of Charles M. Thomson, trustee, for entry of an order with reference to payment of penalties on certain taxes for the year 1935 imposed upon property of the Chicago and North Western Railway Company in Cook County, Illinois.

The taxes in question were levied for the year 1935, and became a lien on April 1, 1935. Ill.R.S.1935, Chap. 120, Sec. 238. In practice in Illinois taxes are not collected until the year following the year for which they are levied. The books for the collection of taxes are required to be by the County Clerk delivered to the Collector on or before December 31st annually (or as soon thereafter as the collectors are qualified). Ill.R.S.1935, Chap. 120, Sec. 123. The taxes in question were payable in two equal installments on February 1 and August 1, 1936. Ill.R.S.1935, Chap. 120, Sec. 150 (162). The first installment became delinquent on September 1, 1936, and the second installment on February 1, 1937, and such due and unpaid installments bear interest after such dates, respectively, at the rate of one per cent. per month until paid. Ill.R.S.1935, Chap. 120, Sec. 165 (177).

The petition in this bankruptcy proceeding was filed and approved on June 28, 1935, probably after the taxes in question were levied and certainly after they became a lien, but before they were due or could be paid or became delinquent.

In People v. Peacock, 98 Ill. 172, and subsequent cases, the Supreme Court of Illinois has held that the one per cent. per month charge provided by Section 177 of the Revenue Act of 1872 as amended is not interest but is a penalty.

The trustee insists that the County Collector is barred from collecting the penalties because of section 57, sub. j, of the Bankruptcy Act, which provides: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." 11 U. S.C.A. § 93 sub. j.

The trustee says, in effect, that the amount of the pecuniary loss referred to in the statute would be the legal rate of interest, which is five per cent per annum.

The State's Attorney for the County Collector calls attention to the Act of Congress of June 18, 1934, which reads as follows: "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any

148

business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation: * * *." 28 U. S.C.A. § 124a.—and to the case of Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L. Ed. 78.

The facts in the case at bar are somewhat different from those in Boteler v. Ingels, supra, but the court holds that, since the taxes in question were not payable and were not delinquent and the penalties did not begin to accrue until after the appointment of the trustee's predecessor, the estate is liable for the penalties. The matter is not free from doubt and the court will be glad to have the matter presented to a reviewing court.