## In re CHICAGO & N. W. RY. CO.

## THOMSON v. TOMAN.

### No. 7591.

Circuit Court of Appeals, Seventh Circuit.

May 8, 1941.

---

Robert N. Holt, Wm. T. Faricy, and Lowell Hastings, all of Chicago, Ill., for appellant.

Thos. J. Courtney, Jacob Shamberg, Marshall V. Kearney, and Francis S. Clamitz, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Here presented is a question of liability of a Section 77, Bankr.Act, 11 U.S.C.A. § 205, railroad-debtor trustee, for a statutory tax penalty, which was imposed on debtor's Illinois taxes, for the year 1935, and became a lien [1] prior to the institution of Section 77 proceedings, on June 28, 1935, but which accrued [2] and became payable after such proceedings were begun.

The District Court upheld the liability for the full penalty, from which order this appeal is taken.

Our question is one of statutory construction [3] and of application of decisions.

The facts are not in dispute.

The 1935 taxes became a lien on the railroad's property on April 1, 1935—approximately three months before reorganization proceedings were instituted. Taxes drew interest at 1% per month, after they became due and payable, and the Supreme Court of Illinois has construed such charge to be a penalty, and not interest.

The recent decision of the Court in Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 31, 84 L.Ed. 78, governs. Discussion

---

[1] Ill.R.S.1935, Chap. 120, Sec. 238.

[2] The taxes were payable in two equal installments, on February 1, and August 1, 1936 (Ill.R.S.1935, Chap. 120, Sec. 150 (162). The first installment became delinquent on September 1, 1936, and the second became delinquent, February 1, 1937.

[3] Section 57, sub. j of the Bankruptcy Act.

"Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and ac-

tual costs occasioned thereby and such interest as may have accrued thereon according to law." U.S.C.A., Title 11, Sec. 93, sub. j.

Act of Congress of June 18, 1934.

"Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation: * * *." U.S.C.A., Title 28, Sec. 124a.

is unnecessary, save to give our reasons why we hold this decision applicable.

That case involved the California vehicle license and registration fees. Said license fees are due the first of each year, and are delinquent when a vehicle is operated without registration and licenses. If the fees are not paid within thirty days after delinquency, a penalty equal to the fees accrues. As trustees of a business in bankruptcy, the petitioner continuously operated unregistered and unlicensed vehicles on California highways from January 1 to February 27. The trustee argued that the State was barred from collecting the penalties because of subdivision 57, sub. j of the Bankruptcy Act.

We quote from the decision.

"Recognizing that section 57, sub. j, prohibits allowance of tax *penalties accruing prior to bankruptcy*, the State nevertheless insists that this subdivision does not exempt the trustee from State laws applicable to the business he operates after bankruptcy. California considers the trustee subject to the requirements and penalties of its license and registration laws under an Act of Congress of June 18, 1934 [quoted above] * * *.

"*First.* Section 57, sub. j, prohibits allowance of a tax *penalty* against the bankrupt estate *only if incurred by the bankrupt before bankruptcy by reason of his own delinquency*. After bankruptcy, it does not purport to exempt the trustee from the operation of State laws, or to relieve the estate from liability for the trustee's delinquencies. * * * The fees and penalties in issue were incurred by the trustee in operating the bankrupt business, and thus were not owed by the bankrupt to the State as a 'creditor.' Therefore, regardless of other rights the State might have, it could not file proof of claim for these fees and penalties as a creditor under Section 57. *And neither the tax liability nor the penalties incurred by the trustee after bankruptcy are governed by this Section or its subdivisions.* We must look elsewhere than to section 57, sub. j, to determine whether the court below correctly held that California may enforce its statutory penalties against this estate.

"*Second.* The Act of June 18, 1934 * * * declares that a trustee in bankruptcy conducting a business, as this trustee was, 'shall * * * be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation.' * * *

"We need not determine whether, without legislation such as the 1934 Act, the fact that a local business in bankruptcy is operated by a bankruptcy trustee makes the business immune from State laws and valid measures for their enforcement. Clearly, means of permitting such immunity from local laws will not be read into the Bankruptcy Act. At any rate, Congress has here with vigor and clarity declared that a trustee and other court appointees who operate businesses must do so subject to State taxes 'the same as if such business(es) were conducted by an individual or corporation.' If businesses in California not conducted by a bankruptcy trustee are delinquent in the fees, they must pay the penalty. However, petitioner's contention would exempt a trustee operating a business in bankruptcy from this double tax liability which other delinquents must bear. A State would thus be accorded the theoretical privilege of taxing businesses operated by trustees in bankruptcy on an equal footing with all other businesses, but would be denied the traditional and almost universal method of enforcing prompt payment. * * *

"The Act of 1934 indicates a Congressional purpose to facilitate—not to obstruct—enforcement of State laws; the court below correctly recognized and applied this Congressional purpose and its judgment is Affirmed."

There is this fact difference between the instant case and the Boteler case, namely, the tax here became a lien before the appointment of the trustee in the reorganization proceeding. But the issue here involved is the penalty, not the tax. The penalty accrued after the bankruptcy proceedings. But the trustee could have prevented the accrual of such penalty. It was the nonpayment of the tax *by the trustee* which caused the penalty accrual. If this were a case of first impression, we might hesitate to construe the 1934 Act of Congress so broadly as to make a trustee liable for penalties in the instant case, but the statute, as construed in the Boteler case, leaves us without doubt.

The decree is affirmed.