THE SOUTHERN CROSS.

THE PAN AMERICA.

THE WESTERN WORLD.

No. 242.

Circuit Court of Appeals, Second Circuit.
June 9, 1941.

John J. Bennett, Jr., Atty. Gen. of New York (Henry Epstein, Sol. Gen., and W. Gerard Ryan and Francis R. Curran, Ass't Attys. Gen., of counsel) for Frieda S. Miller as Industrial Commissioner, appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for Roscoe H. Hupper, as receiver, appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

Suits in admiralty were filed by the United States to foreclose preferred mortgages held by it upon the steamships Southern Cross, Pan America and Western World. By orders duly entered in said suits, Roscoe H. Hupper, the appellee, was appointed receiver to operate said vessels pendente lite "solely for the account of the libellant." For the purpose of such operation the receiver maintained an office in New York City and employed therein four or more employees whose services were performed entirely on land. The State of New York acting through its Industrial Commissioner, the appellant, presented claims to the receiver for unemployment insurance taxes due to the New York State Unemployment Insurance Fund pursuant to Article 18 of the New York Labor Law. Such claims were based on the total payroll of the receiver's office employees, exclusive of seamen working on said vessels. The receiver refused to pay said taxes and brought on a motion to disallow the claims on the ground that he was exempt from such taxation as an instrumentality of the United States. From an order granting the receiver's motion the State of New York by its Industrial Commissioner has appealed.

By virtue of federal statutes any receiver appointed by a court of the United States is subject to the same tax liability as the owner would have been had he continued in possession and operation of the enterprise. 28 U.S.C.A. §§ 124, 124a; see Palmer v. Webster & Atlas Nat. Bank, 312 U.S. 156, 61 S.Ct. 542, 85 L.Ed. ——; Boteler v. Ingels, 308 U.S. 57, 61, 60 S.Ct. 29, 84 L.Ed. 78. Concededly, an "ordinary" receiver appointed in litigation between private parties and operating these vessels would have to pay the taxes in dispute, but the appellee claims immunity because he was appointed in order to effectuate the national public interest in a continuation of the service in which the vessels were engaged, and only after the United States Maritime Commission had guaranteed to the court payment of the contemplated losses which their operation would entail. These facts, it is urged, make the appellee as receiver, an instrumentality of the United States and as such entitle him to exemption, either under the express provisions of the state statute or under the familiar doctrine, enunciated in McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579, of the constitutional immunity of federal instrumentalities from state taxation.

Section 502, subd. 3(3) (d) of the New York Labor Law, Consol. Laws, c. 31, exempts from unemployment insurance taxes "The state of New York, municipal

corporations and other governmental subdivisions * * * ". Plainly a receiver operating for the account of the United States cannot be described as a "governmental subdivision" without ascribing to those words a most strained, unnatural meaning and disregarding utterly the rule of ejusdem generis in statutory construction. The appellee contends that the word "subdivision" must be deemed synonymous with instrumentality. Assuming this should be accepted to avoid doubts as to the constitutionality of the statute as applied to the appellee, then the two branches of his argument, namely, exemption under the state law and immunity under the implied constitutional prohibition, coalesce; and the sole issue is whether he is such an instrumentality of the United States as to be immune from taxation by the state.

The federal statute, 28 U.S.C.A. § 124a, declares that "any receiver" authorized by a United States court to conduct "any business" shall be subject to all state and local taxes applicable to such business. It makes no exception in favor of receivers appointed in suits by the United States; it specifies "any business", regardless of its nature or for whose benefit it is conducted. It might well be argued that by this statute Congress waived immunity from taxation, even if the receiver could be deemed an instrumentality of the federal government. But passing that consideration, we are convinced that he is not such an instrumentality.

When the United States came into court to foreclose its mortgage liens, it accepted the stature of an ordinary suitor. See United States v. National City Bank, 2 Cir., 83 F.2d 236, 238, 106 A.L.R. 1235, certorari denied, 299 U.S. 563, 57 S.Ct. 25, 81 L.Ed. 414. Mountain Copper Co. v. United States, 9 Cir., 142 F. 625, 629. The receiver appointed on its behalf can stand no higher than a receiver appointed in any foreclosure suit between private litigants. He is an agent of the court, not of the Maritime Commission or the United States. The fact that libellant's request for the receivership was granted in order to promote some governmental policy respecting the merchant marine, does not convert the receiver into a governmental instrumentality. Compare Federal Compress & W. Co. v.

McLean, 291 U.S. 17, 23, 54 S.Ct. 267, 78 L.Ed. 622, where it was held that the conferring of a federal license upon a corporation, though to promote a governmental policy, did not constitute the licensee an instrumentality of the federal government immune from state taxation. Nor does that result follow from the fact, chiefly relied upon by the appellee, that the exaction of the taxes in suit will cast a burden on the United States Treasury by reason of the Maritime Commission's guarantee of losses resulting from the receivership. If it did, any enterprise operated at a loss to be made good by federal subsidy could, in the same sense, be called a "governmental instrumentality"; but no one would presume to contend that a private shipowner operating under the differential subsidy authorized by 46 U.S.C.A. §§ 1171–1182 would be immune from non-discriminatory state taxation. It cannot be successfully maintained that state taxes which impose a financial burden on the United States are necessarily invalid. Thus, in United States v. Perkins, 163 U.S. 625, 16 S.Ct. 1073, 41 L.Ed. 287, it was held that a legacy to the United States was subject to a state inheritance tax, although the amount of the legacy was thereby diminished. Again, and this is a closer analogy, a surety company does not, by becoming surety on bonds required by the United States, act as a federal instrumentality so as to be exempt from a state tax on the premiums received, although it seems fairly obvious that the tax will be passed on in the form of higher premiums to be charged for the bonds. Fidelity & Deposit Co. v. Pennsylvaina, 240 U.S. 319, 36 S.Ct. 298, 60 L.Ed. 664; see also Gromer v. Standard Dredging Co., 224 U.S. 362, 371, 32 S.Ct. 499, 56 L.Ed. 801. Moreover, recent Supreme Court decisions have pointed out that the implied immunity of one government and its agencies from taxation by the other should be narrowly restricted. Graves v. People of the State of New York, 306 U.S. 466, 483, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466 and cases cited therein.

For the foregoing reasons we conclude that the appellee is not entitled to an exemption from the taxes in suit and that the district court erred in disallowing the appellant's claims. Order reversed.