### In re FLAYTON.

### No. 39977.

District Court, E. D. New York.

Jan. 12, 1942.

Nathaniel T. Helman, of New York City, for trustee, for motion.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York, opposed.

BYERS, District Judge.

Hearing on petition to review a decision of a referee in bankruptcy deciding that interest on sales and business taxes, incurred by a debtor in possession in a Chapter XI proceeding prior to adjudication, should not be allowed to the City of New York, although claim therefor was timely made. 11 U.S.C.A. § 701 et seq.

It must be understood that the amount of the taxes, to-wit $457.85, is not in dispute. The only controversy has to do with the interest thereon, which the City claims by reason of the said non-payment.

The decision of the Supreme Court in the case of Boteler v. Ingels, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442, is relied upon by the City to demonstrate the soundness of its contention.

That decision is indeed an authority to the effect that a trustee in bankruptcy (the status of debtor in possession is not to be distinguished therefrom) must pay not only such taxes as these, but also statutory exactions for delinquencies arising from non-payment.

At the hearing, the Referee denied this interest item in the following language: "Pardon me, I don't pay interest unless we pay interest on all the claims, so I won't allow that."

Under the law, that is not a reason for disallowing this item. The distinction between City taxes and ordinary administration expenses is so clear, that the allowance of interest upon the former would not re-

quire a similar holding with respect to the latter.

■ ■ The interest claim filed by the City should have been allowed, but, under the circumstances, an amendment of the claim, by which a 5% penalty plus 1% a month interest is sought, seems not now to be in order, for the reason that, if the Referee had allowed the interest claim as filed, the City would have been satisfied. No reason is presently seen for expanding the claim to include a heavier exaction at this late day.

The petition for review is approved, and the motion to confirm the report of the Referee as filed is denied.

Settle order.