[L. A. No. 17905. In Bank. Feb. 10, 1942.]

HUBERT F. LAUGHARN, as Trustee, etc., Respondent, v. JAMES CARTER, as Director of Motor Vehicles, etc., et al., Appellants.

Earl Warren, Attorney General, and H. H. Linney and R. S. McLaughlin, Deputies Attorney General, for Appellants.

Howard V. Calverley for Respondent.

SHENK, J.—This is an appeal by the defendants from a judgment in favor of the plaintiff in the sum of $1758 paid to the state under protest.

The plaintiff is the trustee of Commercial Rock Company, a bankrupt corporation. The corporation owned and operated twenty-three trucks on the public highways of this state prior to January 1, 1939, and from that date until March 6, 1939, at which time a petition in bankruptcy was filed in the United

States District Court for the Southern District of California. On March 28, 1939, the district court appointed receivers who continued to operate the trucks and conduct the trucking business until August 1, 1939, on which date the corporation was adjudicated a bankrupt and the plaintiff herein was appointed the trustee in bankruptcy. On January 1, 1939, the registration fees applicable to the trucks pursuant to section 378 of the Vehicle Code, and the vehicle license fees, or "in lieu" tax, as provided by section 6 of the Vehicle License Fee Act (Stats. 1935, p. 1312; Deering's Gen. Laws, 1937, Act 5135) became delinquent. On February 5, 1939, the sum of $1758, called a penalty, was added to the amount required by the statute to be paid on the trucks because the corporation had failed to make payment of the registration and license fees, hereinafter called taxes, during the period from January 1, 1939 to February 5, 1939. On May 11, 1939, the receivers tendered to the state the amount of the taxes without the penalties and demanded license plates and registration of the trucks. The defendants refused to comply with the demand unless the penalties which had accrued on February 5, 1939, were also paid. The trucks were operated without the payment of the taxes until after the trustee was appointed when on August 9, 1939, the referee in bankruptcy directed the trustee to pay the penalties under protest and sue to recover the same by the action herein. Judgment was entered for the plaintiff, doubtless on the theory that section 57(j) of the Bankruptcy Act avoided the payment of penalties. That section, with an exception not here applicable, provides: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed . . ." in the bankruptcy proceeding.

The defendants advance two theories, on either one of which it is contended that the judgment is erroneous. First, that the so-called penalties were a part of the taxes; that the whole thereof was secured by a lien which attached prior to the filing of the petition in bankruptcy; that the lien continued until after the adjudication; that the taxes were collectible in bankruptcy as a lien claim, and the fact that they were called penalties is immaterial. And, second, that as the receivers operated the trucks for more than thirty days from the date of the filing of the petition in bankruptcy on March 6, 1939, and for more than thirty days after their appointment as receivers on March 28, 1939, and for more than thirty

days before the tender of the taxes without the penalties, the taxes including the penalties were a part of the expense of operating the trucking business.

In support of their position the defendants call attention to the provisions of section 379a of the Vehicle Code to the effect that every registration or transfer fee (and of section 6 of the Vehicle License Fee Act that every license fee), "and any penalty added thereto, from the date the same became due, constitute a lien upon the vehicle for which due." The language just quoted is common to both acts. Attention may also be directed to the provisions of section 379b of the Vehicle Code that "The department (of motor vehicles) shall collect such fee and any penalty by seizure of such vehicle from the person or persons in possession thereof, if any, by the sale of such vehicle . . . in the same manner as is provided by law for the seizure and sale of personal property by the assessor for the collection of taxes due on personal property." Section 67 (b) of the Bankruptcy Act provides that "statutory liens for taxes and debts owing to . . . any State . . . created or recognized by the laws . . . of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy." Section 67 (c) of the same act provides that when, as here, the statutory lien for taxes due any state is not enforced before the filing of the petition in bankruptcy the same "shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 64 of this act . . ." Clause (1) refers to costs of administration and clause (2) refers to wages earned within three months.

Again, section 124a of the Judicial Code (28 U. S. C. A.) provides: "Any receiver, liquidator, referee, trustee, or other officer or agent appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation."

This court has held that the provisions of section 3627a of the Political Code, that "a penalty shall attach to the tax so levied," clearly means that the penalty becomes a part of the tax (*County of Los Angeles* v. *Morrison*, 15 Cal. (2d) 368, 373 [101 Pac. (2d) 470]), and that property in the cus-

tody of the law (the Insurance Commissioner as liquidator), is not removed from the power of taxation, for the reason that "the percentage penalty for delinquency is as much a part of tax as the principal amount." (*Carpenter* v. *Peoples Mutual Life Ins. Co.*, 10 Cal. (2d) 299, 303 [74 Pac. (2d) 508].)

In the case of *State of California* v. *Hisey*, 84 Fed. (2d) 802, 805, the Circuit Court of Appeals for the Ninth Circuit stated with reference to the obligation of a receiver in equity to pay a penalty which had become a lien: "If the penalty, as well as the tax, is a lien upon the property in the hands of a receiver, as the statutes of California provide, it is difficult to see how the payment of the penalty can be differentiated from the payment of the lien for the tax. We can see no distinction. The penalty is a part of the tax." It has also been held that where both the penalties and taxes are secured by a lien existing at the time of adjudication in bankruptcy, section 57 (j) of the Bankruptcy Act does not come into operation. (*In re Knox-Powell-Stockton Co.*, 100 Fed. (2d) 979, 983.)

In *Boteler* v. *Ingels*, 308 U. S. 57, 58 [60 Sup. Ct. 29, 84 L. Ed. 78], the court said: "The single question presented is sufficiently stated by the petition for certiorari: 'Is a bankrupt's estate liable to penalties imposed by State statutes for non-payment of automobile license fees where license fees and penalties claims accrued during operations for purposes of liquidation of the business of bankrupt's estate by the Trustee in Bankruptcy." In answering the question in the affirmative, it was held that the trustee in bankruptcy was liable for the penalties which accrued while he was operating the business.

For the purposes of this case it is unnecessary to go further than to conclude that upon delinquency the penalties became a part of the taxes; that the taxes then became an outstanding obligation in favor of the state; that the statutory lien securing the obligation attached and was in effect at the time of the filing of the petition in bankruptcy and at the time of adjudication, and that there was nothing in the bankruptcy act which prevented the enforcement of such obligation.

The judgment is reversed.

Gibson, C. J., Curtis, J., Houser, J., Carter, J., and Traynor, J., concurred. Edmonds, J., concurred in the judgment.