**UNITED STATES v. NELSON et al.**

**No. 48 C 1186.**

United States District Court
N. D. Illinois, E. D.

Sept. 26, 1949.

558

Otto Kerner, Jr., U. S. Atty., Clarence W. Beatty, Sp. Asst. to U. S. Atty., and Chicago, Ill., and Thomas L. McKevitt, Atty., Department of Justice, Washington, D. C., for the United States.

John S. Boyle, State's Atty., and Gordon B. Nash, Melvin F. Wingersky, Meyer H. Goldstein, and Richard A. Napolitana, Asst. State's Atty., all of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is a proceeding in equity against the defendant officials of Cook County, Illinois, which seeks to enjoin them from collecting interest and penalties charged against certain lands now under the jurisdiction of the War Assets Administration. The interest and penalties have accrued as a result of the failure to pay, on time, real estate taxes for the year 1945 assessed against the property owned by the Defense Plant Corporation. The complaint also seeks a declaratory judgment under 28 U.S.C.A. § 2201 declaring such interest and penalties to be invalid.

Taxes for the years prior to 1945 were paid. When the matter of making the 1945 taxes arose the War Department instructed the Pullman Standard Car Manufacturing Company, to whom the property had been leased, not to make the payments. This instruction was based on the conclusion that the laws of the State of Illinois granted a total exemption to this type of property apart from and despite the provisions of the Reconstruction Finance Corporation Act, 15 U.S.C.A. § 601 et seq. The 1945 tax thus remained unpaid until 1948, at which time the War Department removed its earlier objection and directed that the principal amount of the 1945 assessment be paid, but that since as the Government alleges interest and penalties cannot run against the United States, or its corporate agencies, payment of accrued interest and penalties was not authorized. On May 5, 1948, the County Court of Cook County entered an order authorizing the County Treasurer to accept the principal sum and reserved for future determination the question of interest and penalties.

On May 23, 1946, the property here involved had been declared surplus to the War Assets Administration pursuant to the Surplus Property Act of 1944, 50 U.S.C.A. Appendix, § 1611 et seq., since which time the War Assets Administration has been vested with control and use of the property and is charged with its ultimate disposition. The interest and penalties under the Illinois Statutes, Sec. 119.713, Jones Ills. Stat. Ann., Ill.Rev.Stat.1949, c. 120, § 697, constitute a lien against the property, which interferes with its sale; and the Cook County officials are now threatening to institute foreclosure proceedings.

On January 5, 1949, the defendants filed a motion to dismiss, which motion is now before the Court.

The question for disposition is whether under the Reconstruction Finance Corpo-

ı ation Act, permitting the real property of the corporation to be taxed, the United States consented to the imposition of interest and penalties against the property of wholly-owned Government corporations.

Section 10 of the Reconstruction Finance Corporation Act of January 22, 1932, as amended, Sec. 607, Title 15, U.S.C.A. provides, among other things: "The Corporation, including its franchise, capital, reserves and surplus, and its income shall be exempt from all taxation now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to special assessments for local improvements and shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed. * * *" 47 Stat. 5, 9, 55 Stat. 248, 15 U.S.C. § 610, 1946, ed., Jan. 22, 1932, c. 8, Sec. 8, 47 Stat. 5, 8; Ex.Ord.No.6084, Mar. 27, 1933, Aug. 23, 1935, c. 614, Sec. 203 (a), 49 Stat. 704; June 30, 1947, c. 166, Title I, Sec. 1, Title II, Sec. 206 (a), 61 Stat. 202, 208; May 25, 1948, c. 334, Sec. 5, 62 Stat. 265.

The Government contends that the consent to taxation embodied in the Reconstruction Finance Corporation Act did not include a consent to the imposition of interest and penalties established by state laws. Defendants on the other hand insist that there is no implication in the language of the Act to indicate that Congress intended that Reconstruction Finance Corporation should not pay interest and costs when taxes against it became delinquent.

Defendants cite the case of Reconstruction Finance Corporation v. Beaver County, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172, and insist that the matter here in controversy involves interests and costs imposed on delinquent taxes and that costs, interest and even penalties are "tax consequences and an integral part of Illinois' method of collecting its taxes," under the above cited case.

Plaintiff urges that a consent by the United States to be taxed must be strictly construed and that Congress will not be presumed to have consented at any time to the imposition of a penalty against the United States.

The interest charge of one per cent per month imposed by the provisions of Section 119.721, Jones Ill.Stat.Ann., Ill. Rev.Stat.1949, c. 120, § 705, constitutes a penalty and is not a part of the tax itself. In People ex rel. Johnson v. Peacock, 98 Ill. 172, the Court held that penal statutes are to be strictly construed and that a one per cent per month charge on delinquent taxes was not interest but a penalty, the Court saying: "The 1% per month on the delinquent taxes, provided for in the 177th Section, is not interest at all, in the legal and appropriate sense of the term, but is, strictly speaking a penalty, * * *". This interpretation apparently has been followed in all states except Pennsylvania and California and seems never to have been overruled, but rather has been specifically followed. People ex rel. Clarke v. Jarecki, 363 Ill. 180, 1 N.E.2d 855; In re Chicago & Northwestern Ry. Co., 7 Cir. 119 F.2d 971, affirming D.C. 39 F.Supp. 147. In People ex rel. Abbe v. Nash, 364 Ill. 224, 4 N.E.2d 101, 106, even the dissenting opinion recognized that in Illinois the delinquent interest charge is not a part of the tax but is rather a penalty, saying: "On the constitutional question urged by appellants it must be noted that we have heretofore held that the sum which is imposed during delinquency and before forfeiture as an addition to the tax is in legal effect a penalty even though it is called 'interest.' People ex rel. Johnson v. Peacock, 98 Ill. 172. And it is even more clear that the sum imposed arbitrarily upon forfeiture is a penalty. It bears none of the attributes of interest, being a definite lump sum imposed at a fixed date for a whole year regardless of the actual time that may elapse before redemption. It is not in any sense a tax levied by the Legislature within the constitutional provision, but merely a punishment incurred by a taxpayer through a failure to perform his duty of paying taxes. In order to be a tax

560

within the meaning of the constitutional provision, it would of necessity be imposed upon all persons and property alike. This essential distinction is obvious when it is borne in mind that penalties are paid only in those cases where the tax becomes delinquent. All are taxed alike by the proper taxing bodies, while penalties are incurred only by those who fail to pay."

Defendants call the Court's attention to the fact that Section 482 of the Illinois Revenue Act of 1939, c. 120, Illinois Revised Statutes defines the word "tax" as "any tax, special assessments or costs, interest or penalty imposed upon property", and urge that the interest and costs here in dispute are properly a part of the tax. This definition, however, has been in the Illinois Revenue Act since the Revenue Law of 1872, and has never been referred to by the Supreme Court of Illinois which has consistently held that such a delinquent interest charge is a penalty. If this additional charge was considered as interest rather than a penalty, even then Congress would not be presumed to have consented to the accrual of ordinary interest on a government obligation. In Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 609, 91 L.Ed. 532, the Court said: "In the absence of specific contract or statutory provisions no interest runs against the Government even though the Government's payment for the contract purchases be delayed."

██ I am of the opinion that the additional charge here involved is not an integral part of the tax thus bringing it within the purview of the Act authorizing the real property of the Reconstruction Finance Corporation to be taxed. It was never a part of the assessment or levy process carried out by the local taxing body which originally fixed the amount of the tax. On the other hand I believe it is a penalty or punishment incurred by the taxpayer through a failure to pay his taxes on time. Inasmuch as neither a penalty nor interest may be enforced against the United States or its corporate agencies, plaintiff is entitled to the relief demanded in its complaint. Defendants' motion to dismiss is therefore denied.