**In re INTERNATIONAL POWER SECURITIES CORP.**

No. 1602a.

United States District Court
Third D. New Jersey.

Feb. 2, 1953.

Milton, McNulty & Augelli, Jersey City, N. J., for trustee.

George Zolatar, New York City, for Securities & Exchange Commission.

Benjamin M. Taub, Trenton, N. J., for State of New Jersey.

SMITH, District Judge.

This is a corporate reorganization under Chapter X of the Bankruptcy Act as amended, 11 U.S.C.A. § 501 et seq. The matter is before the Court at this time on the objection of the trustee to the claim of the State of New Jersey for accrued interest on corporate franchise taxes for the years 1944 to 1952, inclusive; the liability of the trustee for the principal is not disputed.

The business of the debtor was conducted by the trustee during the years in question, and he was therefore subject to the tax imposed by the Corporation Business Tax Act, R.S. 54:10A-1 et seq., N.J.S.A. 54:-10A-1 et seq. See R.S. 54:10A-11, N.J. S.A. 54:10A-11. The tax for each of the years was not paid within the times prescribed by the statute, and interest thereon accrued. The objection of the trustee to the payment of interest is predicated on two cases: City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, and United States v. Edens, 4 Cir., 189 F.2d 876, affirmed 342 U.S. 912, 72 S.Ct. 357. These cases are distinguishable from the present case, and in our opinion they are not apposite.

The claim here asserted by the State of New Jersey is for the accrued interest on the corporate franchise taxes which became due and payable in years during which the business of the debtor was conducted by the trustee. The liability of the trustee for these taxes and the interest thereon is governed by Section 960 of Title 28 U.S.C.A. which reads as follows: "Any officers and agents conducting any business under au-

thority of a United States court shall be subject to all Federal, State and local taxes applicable to such business *to the same extent* as if it were conducted by an individual or corporation." (Emphasis by the Court.) This provision is consistent with Section 11 of the Corporation Business Tax Act of New Jersey, R.S.54:10A–11, N.J.S.A. 54:10A–11. It would seem obvious that the trustee may not assert an exemption from liability under either the Federal or State Law.

The decision of the Supreme Court in the case of New York v. Saper, supra, was clearly limited to the question there presented, to wit, the liability of the trustee for post-bankruptcy interest on tax claims. The Court held that Section 57, sub. j, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, prohibited the allowance of only such interest. We direct our attention to the earlier opinion of the Supreme Court in the case of Boteler v. Ingels, 308 U.S. 57, 59 and 60, 60 S.Ct. 29, 31, 84 L.Ed. 78, in which it was held: "Section 57, sub. j, prohibits allowance of a tax penalty against the bankrupt estate only if incurred by the bankrupt before bankruptcy by reason of his own delinquency. *After bankruptcy, it does not purport to exempt the trustee from the operation of State laws, or to relieve the estate from liability for the trustee's delinquencies.*" (Emphasis by the Court.) The decisions in the cited cases are reconcilable, and it is our opinion that the principles of the latter are applicable here.

We are of the opinion that where, as here, the business of a corporate debtor is conducted by the trustee, the corporate franchise tax imposed by law is an administration expense for which the trustee is liable. 28 U.S.C.A. § 960; People of State of Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136; In re Pressed Steel Car Co. of New Jersey, 3 Cir., 100 F.2d 147; In re Chicago & N. W. Ry. Co., 7 Cir., 119 F.2d 971; In re Fonda, J. & G. R. Co., 2 Cir., 126 F.2d 604, certiorari denied Zimmer v. New York State Tax Commission, 316 U.S. 701, 62 S.Ct. 1300, 86 L.Ed. 1769. He is liable not only for the principal amount but also the inter-

est thereon where, under the provisions of the local law, such interest is assessable against the taxpayer upon his failure to pay the tax within the time prescribed. Ibid.

The claim of the State of New Jersey will be allowed.