In the Matter of SAMUEL CHAPMAN, INC., Bankrupt.

UNITED STATES of America, Claimant-Appellant,

v.

NEW YORK CREDITMEN'S ADJUSTMENT BUREAU, INC., Trustee-Appellee.

No. 435, Docket 31750.

United States Court of Appeals Second Circuit.

Argued April 23, 1968.

Decided May 10, 1968.

Ezra H. Friedman, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York and Lawrence W. Schilling, Asst. U. S. Atty., on the brief), for appellant.

Marks F. Paskes, New York City (Hahn, Hessen, Margolis & Ryan and Robert B. Schindler, New York City, on the brief), for appellee.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

██ This is an appeal from a judgment of the district court which affirmed an order of the Referee in bankruptcy disallowing claims by the United States against the estate of a bankrupt for penalties for failure of the debtor in possession to make required deposits of withheld taxes and to file timely returns during an arrangement proceeding under Chapter XI which preceded the adjudication of bankruptcy. We hold that the penalties in question should have been allowed as a claim against the bankrupt estate.

There is no controversy as to the facts. On January 21, 1964 Samuel Chapman, Inc. filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Thereafter, and until November 9, 1964 when it was adjudicated a bankrupt, the petitioning corporation, under authority of the bankruptcy court, operated its business as debtor in possession. During the period of the pendency of the arrangement proceedings, the debtor in possession withheld federal income and social security taxes from the wages of its employees. It failed to deposit these withheld taxes and was also late in filing returns. For these derelictions it incurred certain penalties which the government sought to recover as a part of its claim against the bankrupt's estate. The

trustee, who is the appellee in the present action, objected to the claim for penalties, and his objection was sustained by the Referee and by the district court on appeal from the Referee's order.

In seeking to support the result reached in the district court, much reliance is placed on Section 57(j) of the Bankruptcy Act, 11 U.S.C. § 93(j) which provides:

"(j) Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

██ That section does not apply to claims which arise after the initiation of proceedings under the Bankruptcy Act. There can be no doubt that the debtor in possession is liable for penalties incurred during its period of operation under the Act, just as the trustee is liable for penalties incurred after adjudication of bankruptcy. Boteler v. Ingels, 308 U.S. 57, 60 S.Ct. 29, 84 L.Ed. 78, 442 (1939); Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). There is nothing in Section 57(j) which would lead to the disallowance of claims against the bankrupt estate of penalties incurred during the period when the debtor was in possession under a Chapter XI arrangement.

While the exact question presented here was expressly reserved in Nicholas v. United States, supra,[1] the opinion contains nothing suggesting that the result which we have reached is incorrect. On the contrary, the clear holding of the *Nicholas* case that tax penalties were claimable against the trustee when combined with the fact that the taxes with respect to which the penalties were

---

1. 384 U.S. at 694 n. 28, 86 S.Ct. 1674, 16 L.Ed.2d 853.

assessed were incurred by the debtor in possession under a prior Chapter XI arrangement proceeding involves a similarity of reasoning lending some support to our views. We find further support in Boteler v. Ingels, supra, 308 U.S. at pp. 59–60, 60 S.Ct. 29, at p. 31 where the Court vigorously rejected the applicability to a similar situation of Section 57(j).[2]

The provisions of Section 28 U.S.C. § 960 appear to us to be much more clearly relevant to the present situation than is Section 57(j). Section 960 provides:

"Tax Liability.

Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

Under this statute the debtor in possession is made fully subject to the penalties prescribed by the revenue laws and there is nothing to suggest that the liability for penalties is avoided by a subsequent adjudication in bankruptcy.

The general creditors who will, of course, ultimately bear the burden of the penalties continue as the same group before and after the adjudication. Replacing the debtor in possession with a trustee provides no basis for relieving the estate of the duty to pay these penalties. Moreover it would be unfortunate to enunciate a rule which would have the practical effort of encouraging general creditors to seek an adjudication in bankruptcy in order to permit the estate to avoid the payment of penalties incurred by the debtor in possession.

On the other hand a rule under which the estate will remain liable for the tax penalties may well result in inducing the general creditors to interest themselves in the debtor in possession's promptly discharging his duties under the revenue laws and thus in aiding in the proper collection of the taxes which fall due during arrangement proceedings.

For the reasons given we reverse the determination that the bankrupt's estate is not liable for the penalties incurred by the debtor in possession. The government is entitled to interest on the penalties up to the date of adjudication of bankruptcy.

It appears from the government's brief that a part of the penalty claimed as an expense of the debtor in possession actually represented an alleged default by the trustee. This fact was "overlooked" in the prior proceeding. Since the point was not presented or passed on by the Referee or the district court, the case must be remanded to the Referee to give the trustee an opportunity to contest the claim.

**2.** "Subdivision 57(j) prohibits allowance of a tax penalty against the bankrupt estate only if incurred by the bankrupt before bankruptcy by reason of his own delinquency. After bankruptcy, it does not purport to exempt the trustee from the operation of state laws, or to relieve the estate from liability for the trustee's delinquencies."