**In the Matter of UNIFIED CONTROL SYSTEMS, INC., Bankrupt.**

**James S. MAHON, trustee in bankruptcy, Appellant,**

**v.**

**UNITED STATES INTERNAL REVENUE SERVICE, Appellee.**

**No. 77–1349.**

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1978.

John R. Woodward, Ray B. Williamson, Dallas, Tex., for appellant.

Michael P. Carnes, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for United States.

Myron C. Baum, Act. Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Karl Schmeidler, Atty., Arthur L. Bailey, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GEE and VANCE, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM:

This case involves a controversy between the United States and the Bankruptcy trustee concerning the right of the Government to recover federal excise taxes against the estate of the bankrupt. The United States filed its proof of claim in the sum of $2,804,-839.35. The trustee filed objections, relying on section 57j of the Bankruptcy Act (11 U.S.C. 93(j)), which provides that a debt which constitutes a "penalty or forfeiture" may not be allowed in bankruptcy, except to the extent that the claiming party can show "pecuniary loss." The Bankruptcy judge agreed with the trustee. The district court overruled the Bankruptcy judge and concluded that the excise taxes at issue are taxes, not penalties, and as such, are allowable under the Bankruptcy Act. The trustee appeals.

*In the Matter of Kline,* 403 F.Supp. 974, is directly on point. The identical statutes were in issue and the very same question: whether 4941 of the Internal Revenue Code of 1954 is a penalty for purposes of 57j of the Bankruptcy Act. The *Kline* court reached the exact opposite conclusion from that reached by the district court here and found that 4941 imposed a penalty because its sole substantial purpose was to penalize wrongful conduct. On January 17, 1977, the Fourth Circuit Court of Appeals affirmed that decision *per curiam* and adopted it as its own:

Having carefully studied the scholarly opinion of Judge Thomsen from the critical viewpoint of the government—expressed in briefs and oral argument—we are unable to fault it or improve upon it, and adopt it as our own. 403 F.Supp. 974 (D.C.Md.1975). The judgment below will be affirmed.

Obviously, the district judge in the case at bar did not think the *Kline* court was as scholarly or correct as did the Fourth Circuit. Her memorandum opinion is precise:

Neither party disputes the proposition that § 4941(b)(1) is a constitutional exercise of the taxing power. * * * Therefore, the important issue becomes whether § 4941(b)(1) may be a *tax* under the Constitution, but a *penalty* under § 57j.

Two definitions of "tax," one for constitutional purposes and one for § 57j purposes, seem unjustified. The language of § 57j, quoted *supra,* gives no indication that Congress intended "penalty" to have a different meaning under § 57j than it would have for purposes of determining the constitutionality of a purported exercise of the taxing power. If Congress designates an exaction a tax, then that tax is not a § 57j penalty if it is a constitutional exercise of the taxing power under Article I, Section 8, clause 1, of the United States Constitution.

Additionally, since the issue here is of a statutory nature and not a constitutional one, one justifiably might reason that, by calling § 4941(b)(1) a tax, Congress implicitly stated that the word "penalty" in § 57j does not encompass this 200% excise tax.

We cannot agree with the suggestion that the label placed upon an imposition in a revenue measure is decisive in determining its character. Like all other language in statutes, its meaning depends more upon its context than on its etymology. *Hill v. Wallace,* 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822 (1922); *United States v. Constantine,* 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233 (1936); *In re Standard Composition Co.,* 23 F.Supp. 391 (E.D.Mich., 1938); *In re Caponigri,* 193 F. 291 (D.C.N.Y., 1912).

---

* Senior District Judge, of the Western District of Louisiana, sitting by designation.

■ We disagree, too, with the conclusion that a tax under the Constitution cannot be a penalty. Section 57j places penalties in a category quite different from debts, and the character of a penalty cannot be changed by calling it a tax.[1] The words of the statute precisely reveal the purpose of Congress not to exercise its sovereign right to a claim against a bankrupt except to the extent that there has been a pecuniary loss.[2] The constitutional issue is concerned with coercion or usurpation of powers of the states. The penal nature of the imposition of a "tax" does not prevent its being valid, where the tax is otherwise permissible under the Constitution. *Helvering v. National Grocery Company,* 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346 (1938); *United States v. Kahriger,* 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953).

■ Section 57j of the Bankruptcy Act implements a broad congressional policy against punishing the innocent creditors of a bankrupt. *United States v. Moore,* 366 F.2d 243 (5th Cir., 1966). This policy has been summarized succinctly by the Supreme Court in *Simonson v. Granquist,* 369 U.S. 38, 40, 82 S.Ct. 537, 538, 7 L.Ed.2d 557 (1962):

> For it plainly manifests a congressional purpose to bar all claims of any kind

against a bankrupt except those based on a 'pecuniary' loss. So understood, this section, which has been a part of the Bankruptcy Act since its enactment in 1898, is in keeping with the broad aim of the Act to provide for the conservation of the estates of insolvents to the end that there may be as equitable a distribution of assets as is consistent with the type of claim involved. Moreover, the prohibition of all tax penalties in bankruptcy is wholly consistent with the policy of the penalty provisions themselves. Tax penalties are imposed at least in part as punitive measures against persons who have been guilty of some default or wrong. Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors.

A satisfactory and clear cut formula to separate penalties from non-penalties has not yet been agreed upon by the courts. 3 *Collier on Bankruptcy* (14th Ed. 1975), 57.22 at page 387. The exact language of § 4941 is set out below.[3] The statutes, legislative histories and decisions are detailed in *Kline.* We have carefully reviewed the government's criticism and alleged deficiencies of that decision. These arguments are not

---

1. SEC. 57j OF THE BANKRUPTCY ACT:
   Debts owing to the United States or any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law. 11 U.S.C. § 93(j).

2. The bankruptcy judge, in this case, granted the United States 15 days in which to file an amended claim alleging any pecuniary loss suffered by the United States. When no such claim or request for an extension of time was forthcoming, he entered his order, disallowing the IRS claim for the assessments.

3. SEC. 4941. TAXES ON SELF- DEALING.
   (a) Initial taxes.—
   (1) On self-dealer.—There is hereby imposed a tax on each act of self-dealing between a disqualified person and a private foundation. The rate of tax shall be equal to 5 percent of the amount involved with respect to the act of self-dealing for each year (or part thereof) in the taxable period. The tax imposed by this paragraph shall be paid by any disqualified person (other than a foundation manager acting only as such) who participates in the act of self-dealing. In the case of a government official (as defined in section 4946[c]), a tax shall be imposed by this paragraph only if such disqualified person participates in the act of self-dealing knowing that it is such an act.

   *   *   *   *   *   *

   (b) Additional taxes.—
   (1) On self-dealer.—In any case in which an initial tax is imposed by subsection (a)(1) on an act of self-dealing by a disqualified person with a private foundation and the act is not corrected within the correction period, there is hereby imposed a tax equal to 200 percent of the amount involved. The tax imposed by this paragraph shall be paid by any disqualified person (other than a foundation manager acting only as such) who participated in the act of self-dealing.

persuasive. The language of the Act, its legislative history, the graduated levels of the sanctions imposed, and the almost confiscatory level of the exactions assessed, convince us that the exactions in question were intended to curb the described conduct through pecuniary punishment.

■ We conclude that the excise taxes imposed by 4941(a)(1) and 4941(b)(2) constitute penalties within the meaning of 57j of the Bankruptcy Act and are not allowable. It would thwart the congressional purpose to honor such assessments over the claims of entirely innocent creditors, except insofar as the government can show pecuniary loss.

The judgment is REVERSED and the cause remanded to the district court with instructions to remand to the bankruptcy judge with directions to proceed in accordance with this opinion.

James C. Hill, Circuit Judge, concurred in the result and filed opinion.