HEWLETT–PACKARD COMPANY, Appellant,

v.

Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, et al., Appellees.

No. 13331.

Court of Civil Appeals of Texas, Austin.

July 1, 1981.

Rehearing Denied July 22, 1981.

T. Ray Guy, Jenkens & Gilchrist, Dallas, for appellant.

Mark White, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from that portion of a final judgment following a trial to the court, providing that appellant take nothing in its suit against appellees for a refund of taxes, penalty and interest paid under protest. Appellant has duly perfected its appeal to this Court.

We reverse the judgment of the trial court and render judgment as hereinafter indicated.

Appellee assessed against appellant a deficiency with respect to its 1978 Texas franchise taxes, ruling that in computing and

reporting its 1978 franchise taxes, appellant was not entitled to employ an alternative reporting method known as the "three-factor" formula due to a hereinafter-described ruling of the Comptroller. The Comptroller required appellant to compute and report its 1978 taxes under the method known as the "gross receipts" formula. Computation of such taxes under the gross receipts formula results in a substantially higher tax liability for appellant for the year in question.

Appellant paid the required taxes, under protest, and then brought suit. The parties stipulated that appellant should recover, out of the sums previously paid under protest, the amount of $4,876.86, together with interest thereon. The remaining sums paid under protest, totalling $68,533.93 in taxes, penalty and interest, is in dispute, with appellant contending at trial that the application of the advance-petition requirement was erroneous and contrary to law. The court, however, ruled for appellee with respect to all amounts but the stipulated $4,876.86.

Appellant, a California corporation, is engaged primarily in the manufacture and sale of precision electronic instruments and systems, and engages in business activity in all 50 states. Appellant is doing business in the state of Texas, and is fully subject to the Texas franchise tax which it has been reporting and paying since 1962.

Prior to the 1978 franchise tax reporting year (covering appellant's fiscal year ending October 31, 1977), appellant reported its Texas franchise taxes on the gross receipts basis, under Tex.Tax.-Gen.Ann. art. 12.-01(1)(a) (Supp.1980) and art. 12.02(1) (1969). Shortly after June 1, 1978, a senior tax specialist for appellant discovered for the first time that Tex.Tax.-Gen.Ann. art. 12.-02(2) (1969) granted appellant the option to report its taxes based on what is known as the three-factor formula.[1] On June 1, 1978, appellant had unsuccessfully sought an extension of time to file its 1978 franchise tax report. On June 15, the statutory deadline for filing franchise tax reports, appellant filed its 1978 franchise tax report, together with a petition for permission to employ the three-factor formula. In that report the 1978 franchise taxes were computed and the tax paid pursuant to the three-factor formula.

Appellee-Comptroller thereafter informed appellant that its petition for permission to employ the three-factor method in calculating its franchise taxes for the 1978 tax year had been denied and recalculated appellant's 1978 franchise taxes using the gross receipts method which resulted in the substantial deficiency assessment which is the subject of this lawsuit.

A subsequent audit by the Comptroller disclosed that appellant is entitled to the three-factor method of computation. It was stipulated that the only reason the use of the three-factor method had been denied appellant for the 1978 tax year was its failure to file for the alternative method fifteen days before the statutory due date of the tax as required by the Comptroller's rules.[2]

Appellant is before us on a number of points of error. We sustain two of those points of error and do not reach the rest. Appellant alleges that the advance petition requirement, as applied to appellant, is inconsistent with and unauthorized by the statute providing for alternative reporting methods and imposes a penalty in excess of the penalty authorized by law.

1. Article 12.02(2) provides for the use of alternative allocation formulas in appropriate cases, as follows:

"(2) If the allocation and apportionment provisions of Section (1) of this Article do not fairly represent the extent of the taxpayer's business activity in Texas, the taxpayer may petition for and the Comptroller may permit, in respect to all or any part of the taxpayer's business activity, if reasonable:

(a) separate accounting;
(b) the inclusion of one or more additional factors which will fairly represent the taxpayers' business activity in Texas; or
(c) the employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's capital."

2. Tex. Comptroller of Public Accounts, Rule 026.02.12.003 (1975).

 Article 12.02(2) does not provide for nor authorizes any advance deadline for requiring permission to employ alternative reporting methods; rather, it evidences an intent to allow the use of such methods when they would, as here, more fairly allocate taxable capital to Texas. The Comptroller's rule in question requiring an advanced petition frustrates rather than advances that aim and we hold it is unauthorized by and in conflict with the franchise tax statutes.

Appellees claim that the deadline is needed for administrative purposes is not persuasive. There has been from 80 to 110 petitions for the use of the three-factor formula filed each year from 1977 to 1979. Approximately 180,000 franchise tax forms were filed in 1979. Terry Bessire, the individual in charge of reviewing the petitions for the use of the three-factor formula, stated that the review of such a petition takes about five minutes. Any administrative convenience that the deadline provides is minimal in comparison with the value of the statutory provision which allows the use of the three-factor formula.

 We are well aware that the Comptroller is authorized to make certain rules that are in general harmony with the general objectives of the Act involved. *Gerst v. Oak Cliff Savings & Loan Association*, 432 S.W.2d 702 (Tex.1968). The rule in question setting the June 1 deadline for petitioning for permission to employ alternative reporting methods is not in harmony with the statute providing for such alternative reporting methods.

 We also hold that the advance petition requirement results in the imposition of a penalty in excess of the penalty authorized by Texas law. Tex.Tax.-Gen.Ann. art. 12.14 (Supp.1980–81) provides that appellee may assess a maximum ten percent penalty against any taxpayer that fails to pay any franchise tax or fails to file a report when due. The Comptroller admits that appellant's calculation of its taxes based on the three-factor formula more fairly represents the extent of appellant's business activity in Texas. It was stipulated that had appellant filed the petition to use the three-factor formula by June 1, it would have been granted permission to use the alternative method and pay a lower tax. Therefore, in substance and effect, appellee's rule has caused a substantially higher tax to be levied on appellant for failing to timely file its petition. This additional tax, even though levied under the laws of Texas, is a penalty for failing to file the petition on time. *See Jones v. Williams*, 121 Tex. 94, 45 S.W.2d 130 (1931); *Matter of Unified Control Systems, Inc.*, 586 F.2d 1036 (5th Cir. 1978). This penalty is impermissible since it exceeds the maximum ten percent penalty Article 12.14 allows the Comptroller to charge taxpayers for failing to file reports on time.

We reverse the judgment of the trial court and render judgment that appellant recover the amount of taxes paid under protest.

POWERS, J., not sitting.