## In re ELKINS ENERGY CORPORATION, Debtor.

### Bankruptcy No. 79–00063–B.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Jan. 18, 1984.

Robert T. Copeland, Abingdon, Va., and James E. Nunley, Bristol, Va., for debtor.

Robert S. More, Staff Atty., U.S. Dept. of the Interior, Knoxville, Tenn., Thomas R. King, Asst. U.S. Atty., Roanoke, Va., for the U.S.

James W. Elliott, Jr., Bristol, Va., Trustee.

## MEMORANDUM OPINION AND ORDER UPON TRUSTEE'S OBJECTION TO THE CLAIM OF UNITED STATES DEPARTMENT OF INTERIOR, CLAIM # 134

H. CLYDE PEARSON, Bankruptcy Judge.

The Department of Interior filed Claim # 134 herein in the sum of $69,350.00 representing civil penalties assessed under the Surface Mining Control and Reclamation Act of 1977 pursuant to 30 U.S.C. § 1268 and implementing regulations 30 C.F.R., part 723. The claim is asserted as a priority administrative expense incurred during the Chapter XI reorganization proceeding prior to its conversion to Chapter IV liquidation. The Trustee filed an objection alleging that the claim is not allowable under § 57(j), 11 U.S.C. § 93, Bankruptcy Act of 1898 as amended.

§ 57(j) provides as follows:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

The Department of Interior contends that, despite the fact that the claim is postpetition civil penalties, it is allowable under the authority of *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853, as an allowable administrative expense under § 64(a)(1).

§ 57(j) was enacted by the Congress as an equitable principle in bankruptcy proceedings to the effect that a recovery upon the claims of creditors generally shall not be diluted or diminished by the assessment and collection of penalties in favor of a state or federal government or subdivision thereof. The Statute has been construed to apply, also, to private claims not governmental to the same effect insofar as penal-

ties are concerned. See *In re Hawks*, 471 F.2d 305 (4th Cir.1973).

In the case of *Nicholas, supra,* the Supreme Court held that penalty and interest post-petition resulting from a Trustee's defalcation in failing to perform routine tax return filings was such a penalty excusable from § 57(j). The Court stressed the fact that the case involved tax penalties and interest. The concurring opinions specifically call attention to the fact that the Trustee had failed to perform the affirmative acts necessary to enable the Internal Revenue Service to assess appropriate tax liabilities upon the returns which the Trustee failed to file.

██ The issue here is quite different from a tax penalty of failing to affirmatively file tax returns. Here, in the course of operating a strip mine business, the Chapter XI Debtor failed to comply with the Reclamation Act and regulations promulgated thereunder resulting in a penalty for such failure. One may assume that several defalcations occurred under a Chapter XI strip mine operation which would accrue penalties not only to the state and local governments, but to the federal government in the field of mine safety and wage-hour law violations, among others. It would be unreasonable to assume, in view of § 57(j), that *Nicholas, supra,* would encompass the asserting of penalties and collection of the same by the governments affected to the prejudice of all other creditors in a bankruptcy case. Congress intended, by § 57(j), to preclude that result.

Accordingly, from the foregoing, the Court concludes that Claim # 134 should be disallowed as prohibited by § 57(j), and it is accordingly so ORDERED.

Service of a copy of this Memorandum Opinion and Order shall be made by mail to the Debtor, Debtor's Attorneys, Trustee, to the United States Attorney, and to Counsel for the U.S. Department of Interior.