**KEYSTONE CONSOLIDATED INDUSTRIES, INC., Petitioner–Appellee,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

**No. 91–4208.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1992.

Steven W. Parks, Gary R. Allen, Chief, Kenneth L. Greene, Appellate Sec., Tax Div., Dept. of Justice, Shirley D. Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Tax Div., Abraham N.M. Shashy, Jr., Chief Counsel, Washington, D.C., for respondent-appellant.

Raymond P. Wexler, Todd F. Maynes, Timothy M. Mlsna, Kirkland & Ellis, Chicago, Ill., Ralph P. End. Keystone Consol. Industries, Inc., Dallas, Tex., for petitioner-appellee.

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Keystone, the taxpayer, transferred property to its tax qualified defined benefit pension plan in satisfaction of its statutory minimum funding requirements. The Commissioner asserted that this transfer of property in satisfaction of an obligation was a sale or exchange within the meaning of Section 4975(c)(1)(A), and therefore asserted tax deficiencies under Section 4975(a) and (b).

Keystone filed suit in the tax court, contending that it was not liable for the deficiencies. The tax court granted summary judgment in favor of Keystone, holding that neither the plain language of the statute nor the congressional intent in drafting it suggest that Section 4975 was meant to apply to the transfer of unencumbered property. We agree with the tax court's reasoning, and therefore affirm the tax court's order.

## I

The relevant facts are undisputed. Keystone Consolidated Industries, Inc. ("Keystone") maintained several tax qualified defined benefit pension plans. The plans were subject to the minimum funding requirements of Section 302 of ERISA. 26 U.S.C. § 412. Keystone funded the plans through contributions to the Keystone Consolidated Master Pension Trust (the "Trust").

In 1983, Keystone contributed five truck terminals to the Trust. Keystone credited the fair market value of the terminals against its statutory minimum funding obligations for its taxable years ending on June 30, 1982 and June 30, 1983. In March of 1984, Keystone contributed real property to the Trust and credited the fair market value of this property against its statutory funding obligations for the tax year ending on June 30, 1984.

The terminals and the property were not subject to any mortgage at the time they were transferred to the Trust. The terminals and the real property were not the subject of any leaseback agreements with Keystone.

Keystone claimed deductions in the amount of the fair market value of the terminals and the real property under Section 404 of the Internal Revenue Code. Keystone reported the difference between its cost to acquire those properties and their fair market value at the time of their transfer as capital gains from the sale or exchange of an asset under Section 1222.

The Tax Commissioner determined that Keystone's transfer of the truck terminals and real property to the Trust in satisfaction of its statutory funding requirements was a "sale or exchange" within the meaning of Section 4975(c)(1)(A) of the Code, and was therefore a prohibited transaction. Accordingly, the Commissioner asserted tax deficiencies under Section 4975(a) and (b).

## II

Keystone filed a petition in the tax court contesting its liability for these deficiencies. The Commissioner argued that it is well established that a transfer of property in satisfaction of indebtedness is treated as a sale or exchange. The Commissioner also argued that the congressional intent behind the prohibited transactions provision is consistent with his view of a sale or exchange.

The tax court decided the case on cross-motions for summary judgment. The tax court held that the transfers were not sales or exchanges. The court held that a definition of the sale or exchange that involves the transfer of property is provided by Section 4975(f)(3), which states that a transfer of property encumbered by a mortgage or a lien, which the plan assumes, shall be treated as a sale or exchange. The tax court noted that neither the terminals nor the real property was subject to a mortgage or lien, and therefore, held that the transfers were not sales or exchanges. The Commissioner now appeals.

## III

On appeal, the Commissioner argues mainly that Section 4975(f)(3) is not the exclusive definition of a sale or exchange that involves the transfer of property. He argues that this definition applies only to voluntary transfers of property, i.e., transfers over and above minimum funding requirements, and that involuntary transfers of property, i.e., transfers to satisfy minimum funding requirements, are sales or exchanges irrespective of Section 4975(f)(3). Keystone argues that according to the plain language of the statute, only transfers of encumbered property are to be treated as sales or exchanges under Section 4975.

## IV

Thus, we are presented with the question whether a taxpayer's contribution of property to a tax qualified defined benefit pension plan in satisfaction of its statutory funding requirement is a sale or exchange under Section 4975(c)(1)(A). Section 4975(c)(1)(A) defines a prohibited transaction as any direct or indirect "sale or exchange, or leasing, of any property between a plan and a disqualified person." Section 4975(a) imposes a tax on the disqualified person equal to five percent of the amount involved in the prohibited transaction. Section 4975(b) imposes an additional tax on the prohibited transaction equal to one hundred percent of the amount involved. This tax may be avoided by correcting the transaction within the taxable period. Keystone is a disqualified person under Section 4975(e)(2)(C). The tax qualified defined benefit pension plan at issue is a plan covered by Section 4975. 26 U.S.C. § 4975(e)(1). Therefore, the only question we are required to decide is whether the contribution of property was a sale or exchange under Section 4975(c)(1)(A).

## V

Keystone argues that in accordance with Section 4975(f)(3), only a transfer of property that is subject to a mortgage or lien is to be treated as a sale or exchange.[1] We agree with the taxpayer. If all transfers of property to a plan were to be treated as a sale or exchange, then this definition would be superfluous. The definition states that a transfer of property encumbered by a mortgage or lien *shall be treated* as a sale or exchange, implying that unless it is encumbered by a mortgage or lien, a transfer of property is not to be treated as if it were a sale or exchange.

The Commissioner argues that this definition of a sale or exchange that involves the transfer of property is not an exclusive definition; he argues that if Congress had intended it to be, it would have said a sale or exchange includes *only* these transfers. The Commissioner argues that Section 4975(f)(3) is not superfluous because it applies to voluntary transfers. He argues that involuntary transfers of property, that is, transfers in satisfaction of a statutory obligation, are "exchanges," irrespective of Section 4975(f)(3).

We cannot accept the Commissioner's arguments. In the first place, there is no basis for this distinction between involuntary and voluntary transfers anywhere in the Code. Furthermore, this distinction also makes no economic sense. A contribution is involuntary because the contribution is required to satisfy the minimum funding requirement for that year. However, when an employer makes a voluntary contribution to a plan, he effectively supplements the assets of the plan, receives a credit in his funding standard account, and thereby reduces the amount of mandatory contributions in future years. 26 U.S.C. § 412. The potential for abuse, that is, satisfaction of minimum mandatory obligations to the pension fund with property with inflated

---

1. Section 4975(f)(3) provides:
   (f) Other definitions and special rules.—For purposes of this section—
   (3) Sale or exchange; encumbered property.—A transfer of real or personal property by a disqualified person to a plan shall be treated as a sale or exchange if the property is subject to a mortgage or similar lien which the plan assumes or if it is subject to a mortgage or similar lien which a disqualified person placed on the property within the 10–year period ending on the date of the transaction.

values, would be the same regardless of whether the transfer was involuntary. Thus, there is neither statutory nor economic support for the Commissioner's argument.

The Commissioner argues further that the congressional intent behind the prohibited transaction provision supports his interpretation of "sale or exchange." We disagree. The Commissioner only points to one excerpt from a Senate Report that states that one of the principle purposes of Section 4975 was to prevent the possibility that a non-arm's length transaction might go undiscovered. The Commissioner offers no evidence that Congress intended Section 4975(c)(1)(A) to apply to the transfer of unencumbered property. Accordingly, we reject the Commissioner's statutory construction of Section 4975(f)(3).

Next, he argues that it is well established that a transfer of property in satisfaction of a debt or a bequest is a sale or exchange. The fact that a transfer of property is treated as a sale or exchange for income tax purposes is not determinative of whether the same transaction is a sale or exchange under the prohibited transaction provision. The meaning of "sale or exchange" depends on the context and the particular statute at issue. *United States v. Davis*, 370 U.S. 65, 69 n. 6, 82 S.Ct. 1190, 1192 n. 6, 8 L.Ed.2d 335 (1962); *Helvering v. Hammel*, 311 U.S. 504, 507, 61 S.Ct. 368, 369–70, 85 L.Ed. 303 (1941). Section 4975 was not enacted to measure economic income; it was enacted to prohibit a specific list of self-dealing transactions between a plan and an employer. Therefore, the fact that the transfer of property in satisfaction of a debt or obligation is a sale or exchange for purposes of the income tax statutes is irrelevant to whether the same transfer is a sale or exchange prohibited by Section 4975.

The Commissioner argues next that the administrative views of the Commissioner, the IRS and the Department of Labor should be given deference. He argues that the IRS and the Department of Labor have found that similar transfers of property to pension funds were sales or exchanges under other sections of the Code and ERISA.[2] The Commissioner has never promulgated any regulations declaring a transfer of property to be a sale or exchange. In fact, the Commissioner asserted his argument for the first and only time prior to this case in *Wood v. Comm'r*, 95 T.C. 364 (1990), and the Tax Court rejected it. Under these circumstances, the Commissioner's views are not entitled to any deference. The Department of Labor's advisory opinion is binding only on the parties thereto, and has no precedential effect. ERISA Proc. 76–1, § 10. The revenue rulings deal with Section 4941, which, although similar to Section 4975, contains no definition of a sale or exchange as found in Section 4975(f)(3). Consequently, we find these revenue rulings inapposite.

The Commissioner also argues that because there is a real potential for abuse when a transfer of property is made, such a transfer should be prohibited. The potential for abuse is already restrained by Section 4971. Any funding deficiencies caused by the contribution of an overvalued asset are taxed under Section 4971.

Finally, the Commissioner argues that the tax under Section 4974 is not a penalty tax, and can therefore be construed broadly.[3] We do not decide whether the tax imposed by Section 4975 is a penalty tax. Even assuming that it is not a penalty tax and that, therefore, Section 4975 can be

---

**2.** The IRS, in two revenue rulings, found that the transfer of property to a private foundation was a sale or exchange, making the transfer an act of self-dealing subject to a tax under Section 4941. Rev.Rul. 81–40, 1981–1 C.B. 508; Rev. Rul. 77–379, 1977–2 C.B. 387. The DOL, in an advisory opinion, found that the contribution of unencumbered property by an employer to a pension plan was a sale or exchange under Section 406 of ERISA. DOL Advisory Opinion 81–69A (July 28, 1981).

**3.** The Commissioner cites *Latterman v. U.S.*, 872 F.2d 564, 568–70 (3d Cir.1989), in which the court found that the tax imposed by Section 4975 is not a penalty. Keystone argues that this court found that the two tier tax imposed under Section 4941, the statute upon which Section 4975 was modeled, is a penalty tax. *In re Unified Control Systems, Inc.*, 586 F.2d 1036 (5th Cir.1978).

construed broadly, a sale or exchange under Section 4975 cannot be construed to include transfers of unencumbered property.

## VI

In conclusion, because the plain language of the statute does not include the transfer of unencumbered property to a pension plan as a sale or exchange, and because the Commissioner's arguments that additional words should be read into the statute are unconvincing, we hold that the transfer in this case was not a sale or exchange for purposes of Section 4975(c)(1)(A). The order of the tax court is therefore

AFFIRMED.