**Hanford F. FARRELL et al.**

v.

**UNITED STATES of America.**

**No. LR C 78 144.**

United States District Court,
E. D. Arkansas, W. D.

Jan. 23, 1980.

Eugene G. Sayre of Mitchell, Williams, Gill & Selig, Little Rock, Ark., for plaintiffs.

Larry Sherlock, Atty., Tax Division, Dept. of Justice, Washington, D. C., George W. Proctor, U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

OVERTON, District Judge.

This is a suit for refund of interest assessed against and paid by plaintiffs after settlement of a controversy before the Tax Court.

The plaintiffs are individual taxpayers who were former note holders of the Farrell Foundation, Inc., a non-profit corporation. An audit of Farrell Foundation, Inc. for each of the fiscal years ending in 1970 through 1974 resulted in an assessment in the total amount of $352,686.60 against the plaintiffs for alleged "self-dealing" under the provisions of 26 U.S.C. § 4941(a)(1). The plaintiffs contested the proposal before the Tax Court and, prior to trial, the dispute was settled by the plaintiffs agreeing to pay a total liability of $140,002.74. Following settlement, the Internal Revenue Service issued notices and demand for payment to each of the plaintiffs. The notices demanded payment of not only the agreed liabilities, but also assessed interest in the amount of $28,426.29.

The plaintiffs paid the interest on September 15, 1977, under protest, filed claims for refunds and no action was taken on the claims within six months. This suit was subsequently filed.

The facts of the case, which are undisputed, are established by the pleadings and answers to interrogatories and request for admissions of fact. The defendant, United States, filed a motion for summary judgment and the plaintiffs countered with a cross motion for summary judgment.

■ The parties agree that the legal issue which is dispositive of the case is stated as:

Whether the "self-dealing tax" imposed by Section 4941(a) of the Internal Revenue Code is a tax or a penalty.

It is agreed that if § 4941(a) is construed as a "penalty" as opposed to a "tax", the plaintiffs are entitled to recovery of the interest paid.

A detailed recitation of all the facts serves no purpose. The briefs of the parties in support of the motions for summary judgment fairly summarize the relevant facts.

Basically, the Government's position is that § 4941(a) should be construed as a "tax" because: (1) the language of the Act clearly states it is a "tax"; (2) § 4941(a) can be a valid "tax" even if the effect of the provision is regulation or discouragement of activities taxed; (3) the cases construing § 4941(a) as a penalty are inapposite because the decisions were made in bankruptcy cases which are controlled by § 57j of the Bankruptcy Act; and (4) the legislative history of § 4941(a) indicates that Congress intended it as a tax and not a penalty.

This Court is persuaded that § 4941(a) of the Internal Revenue Code is a penalty, not a tax, for purposes of computing interest on the settlement made in the Tax Court. As such, interest on the amount of the settlement is permitted under § 6601(e)(3) of the Code only if the penalty is not paid within 10 days of the issuance of notice and demand for payment by the Internal Revenue Service. Since the assessment in this case was paid within 10 days of the notice and demand, the plaintiffs owed no interest and the interest paid by plaintiffs was wrongfully demanded by defendant.

Most of the arguments raised by the Government in support of the "tax" interpretation were answered in the cases of *In re Kline*, 403 F.Supp. 974 (D.Md.1975) aff'd in *per curiam* opinion, 547 F.2d 823 (4th Cir. 1977) and *In re Unified Control Systems, Inc.*, 586 F.2d 1036 (5th Cir. 1978). The Court considers the reasoning and rulings of those cases controlling in this case. The two opinions directly address, and should have put to rest, the arguments that use of the word "tax" is controlling; that the effect of § 4941(a) is a tax, not a penalty, which merely "regulates" activity; and that the legislative history of the section indicates an intention to pass a tax measure as opposed to a penal measure. In view of the opinions it is somewhat vexing that the Government continues to raise those arguments.

The Government raises an additional argument, however, which should be answered. The claim is made that *Kline* and *Unified Control* are bankruptcy cases and that an act may be a "tax" for purposes of § 6601(e)(3) of the Internal Revenue Code and a "penalty" for purposes of § 57j of the Bankruptcy Act (11 *U.S.C.* § 93(j)). Ac-

cording to the Government's view, the opinion of the Courts in *Kline* and *Unified Control* that § 4941(a) was a penalty was limited to applications of that section to § 57j of the Bankruptcy Act. To the contrary, this Court concludes that the Court in *Kline*, whose analysis was adopted by the 5th Circuit in *Unified Control*, first concluded that § 4941(a) was a "penalty", and then decided it should be disallowed since § 57j prohibits the allowance of penalties in preference to the claims of other creditors.

In any event, this Court does not see any valid reasons to distinguish the reasoning of *Kline* and *Unified Control*. Section 4941(a) has all the characteristics of a penalty except the use of the word "tax" in its language. It should be treated as a penalty provision for all purposes and for the purposes of § 6601(e)(3) in particular.

Accordingly, defendant's motion for summary judgment will be denied and plaintiffs' motion for cross summary judgment on the issue will be granted.

■ Plaintiffs also seek attorney's fees incurred in the recovery of interest because the Government's conduct in demanding interest was "harassing, unreasonable and vexatious". The Court is of the opinion that the Government's position was not totally frivolous nor taken in bad faith and attorney's fees will, accordingly, be denied. *Patzkowski v. United States*, 576 F.2d 134 (8th Cir. 1978).

Judgment will be entered in favor of plaintiffs and against the defendant for the sum of $28,426.29 with interest from September 15, 1977.