Winthrop P. ROCKEFELLER,
Appellant/Cross Appellee,

v.

UNITED STATES of America,
Appellee/Cross Appellant.

Nos. 83–1192, 83–1281.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 11, 1983.

Charles C. Owen, Rose Law Firm, A Professional Association, Little Rock, Ark., for appellant/cross appellee.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Terry L. Fredricks, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee/cross appellant; George W. Proctor, U.S. Atty., Little Rock, Ark., of counsel.

Before HEANEY, ROSS and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Winthrop P. Rockefeller brought this action for the recovery of penalties assessed by the Internal Revenue Service (IRS) under 26 U.S.C. § 4941. In 1975, Rockefeller purchased all of the stock of Winrock Farms, Inc. from the estate of his father. In 1979, the IRS determined that the purchase was an indirect act of self-dealing between Rockefeller and a charitable trust created in his father's will in violation of section 4941. Rockefeller paid the penalties and interest assessed by the IRS and instituted this action to recover those amounts.

In the district court, 572 F.Supp. 9, Rockefeller asserted that section 4941 was not applicable to the purchase because it and Treasury Regulation § 53.4941(d)–1(b)(3) were unconstitutional; the regulation was not a valid interpretation of section 4941; he is not a "disqualified person" with respect to the charitable trust; and the IRS may not assess and collect interest on the amounts imposed under section 4941.

Initially, the district court found that section 4941 is constitutional. The court noted that section 4941 was enacted to prevent various abuses surrounding tax-exempt organizations. Secondly, the court upheld the validity of Treasury Regulation § 53.-4941(d)–1(b)(3) finding that it was reasonable and consistent with the intent of Congress. The court also found that Rockefeller was a "disqualified person" with respect to the trust as that phrase is defined in section 4946. The court found that the tax imposed by section 4941(a)(1) is in the nature of a penalty and, as such, no interest may accrue on the unpaid tax liability.

We have carefully studied the record, including the district court's opinion, the briefs and the arguments of the parties to this action. We do not agree with appellant's arguments, and accordingly affirm pursuant to Rule 14 of the Rules of this court on the basis of Judge Overton's opinion.