**Earl M. LATTERMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 85–2828.

United States District Court, W.D. Pennsylvania.

May 11, 1988.

Dennis J. Lewis, Alder, Cohen & Grigsby, Pittsburgh, Pa., for plaintiff.

Melody L. Moss, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

DIAMOND, District Judge.

This is a tax refund action in which the plaintiff-taxpayer seeks a refund of certain interest accrued on an excise tax imposed pursuant to I.R.C. § 4975(c) (1982). Although the plaintiff acknowledges liability for the excise tax, he challenges the defendant's statutory authority under the Internal Revenue Code ("Code") to impose the accrued interest.

Presently before the court are cross-motions for summary judgment. For reasons set forth below, we conclude that the defendant was authorized by the Code to impose the interest payment upon plaintiff and, accordingly, we will grant the defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

## Background

The plaintiff, Earl M. Latterman ("plaintiff"), commenced this action seeking a refund of an interest payment added to an excise tax imposed upon and collected from him by the defendant, the United States of America, more specifically the United States Internal Revenue Service ("IRS").

On December 13, 1983, plaintiff received Statements of Tax Due from the IRS in an amount totalling $22,669. The $22,669 figure was an excise tax levied upon plaintiff pursuant to I.R.C. § 4975(a) (1982) for prohibited transactions made by plaintiff in regard to certain qualified pension plans in the years 1975–1978 inclusive. The excise tax amount is equal to five percent of those amounts involved in the prohibited pension fund transactions.

In addition to the excise tax notification, the IRS also notified plaintiff on December 13, 1983, that interest amounting to $16,-894.44 had accumulated on the unpaid excise taxes and that such interest was due.

Plaintiff did not challenge the assessment of the excise taxes and paid to the IRS the sum of $22,669 on December 20, 1983, some seven days after receiving Statements of Tax Due. Plaintiff did, however, object to the accumulation of interest and initially refused to pay to the IRS the interest amount.

In his attempt to obviate the interest payment to the IRS, plaintiff pointed to I.R.C. § 6601(e)(2)(A) which provides that no interest may accrue on a "penalty" imposed by the Code if the penalty is paid within 10 days from the date of the IRS' notice and demand of the penalty.[1] Plaintiff maintained that the excise tax imposed by I.R.C. § 4975(a) is an "assessable penalty" within the meaning of I.R.C.

---

1. I.R.C. § 6601(e)(2)(A) (Supp. III 1985) provides:

In general—Interest shall be imposed under subsection (a) in respect of any assessable penalty, additional amount, or addition to the tax ... only if such assessable penalty, additional amount, or addition to the tax is not paid within 10 days from date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment.

I.R.C. § 6601(e)(3) (1982) further provides:

Payments made within 10 days after notice and demand—If notice and demand is made for payment of any amount, and if such amount is paid within 10 days after the date of such notice and demand, interest under this section on the amount so paid shall not be imposed for the period after the date of such notice and demand.

§ 6601(e)(2)(A). Because plaintiff paid the alleged penalty within 10 days of notice and demand, plaintiff tried to persuade the IRS that interest should not have been imposed in this case.

In response, the IRS maintained that the excise tax assessed by § 4975 is a "tax" within the meaning of I.R.C. § 6601(a) (1982), which provides that interest accrues on any tax not paid on or before the last date prescribed for payment.[2] The IRS established that the last date for payment of a § 4975(a) excise tax is the last day of the seventh month after the end of the taxable year in which the prohibited transaction occurred.[3] Because plaintiff failed to make payments of the tax in a timely fashion under IRS rules and regulations, the IRS asserted that interest was properly applied.

Because the IRS would not deviate from its position with respect to § 4975(a) and to avoid further accruals of interest and a possible federal tax lien, plaintiff finally paid the interest amount under protest. On the date of eventual payment, February 28, 1984, the interest amount had matured to $16,991.77, which amount was paid fully by plaintiff.

On that same date, plaintiff filed with the IRS a claim of refund of the interest payments tendered on the same ground that the IRS was without statutory authority to impose interest payments. The issue raised by the parties before the court is whether the excise tax imposed under § 4975(a) is a "penalty" within the meaning of § 6601(e)(2)(A) or a "tax" within the meaning of § 6601(a).

Plaintiff fulfilled his preliminary obligation of I.R.C. § 7422 (1982) by filing a claim of refund for all disputed amounts with the IRS pursuant to service regulations. After the IRS failed to satisfy the claim of refund by adhering to its previous interpretation of § 4975, plaintiff commenced this action for which he also seeks attorney fees under I.R.C. § 7430 (1982). The court retains jurisdiction over the subject matter of this refund action under 28 U.S.C. § 1346(a)(1) (1982).

*Discussion*

The parties have agreed, by stipulation, that there remain no genuine issues of material fact to be decided in this case. The issue before the court is a legal statutory construction of provisions contained within the Internal Revenue Code; therefore, summary judgment is the appropriate procedural posture in which we may conclude the legal dispute between plaintiff and the IRS. Fed.R.Civ.P. 56(c). We now turn to well-settled canons of statutory construction to resolve the issue before us.

As in all cases of judicial construction of congressional statutes, the court's initial inquiry focuses upon the statutory language itself; the express language of a statute controls when the language is sufficiently clear in its context. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed. 2d 766 (1980); *Heverly v. Comm'r Internal Revenue*, 621 F.2d 1227 (3d Cir.1980). It should be generally assumed by the court that Congress expresses its purpose through the ordinary meaning of the words it uses. *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985);

2. I.R.C. § 6601(a) (1982) provides:
   General Rule—If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

3. The IRS provides Form 5330 which requires a "person who participates in a prohibited transaction" to pay the excise tax imposed by § 4975. The *Form 5330 return is to be "filed on or before the last day of the seventh month after

the end of the taxable year of the employer or other person who must file this return." The form instructions remind that "interest will be charged on taxes not paid on or before their due date."

No tax regulations expressly provide for the Form 5330, but see Announcement 75–1, 1975–1 I.R.B. 25 which states: "New Form 5330, Return of Initial Excise Taxes on Prohibited Transactions, has been developed for reporting and paying the excise tax imposed by section 4975 of the Code." Form 5330 was to be made available in January, 1975.

*Escondido Mutual Water Co. v. LaJolla Band of Mission Indians*, 466 U.S. 765, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984).

Although the court must interpret the language of a statute using the literal or ordinary meaning of the words, the court is not required to apply this strict standard to the extent that the obvious and stated congressional purpose would be thwarted or where absurd results would obtain. *In re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978); *Harris v. Harris*, 749 F.2d 1009 (3d Cir.1984). In viewing congressional purpose, the court is reminded that "[g]oing behind the plain language of a statute in search of a possibly contrary congressional intent is 'a step to be taken cautiously' even under the best of circumstances." *Locke*, 471 U.S. at 95–96, 105 S.Ct. at 1793 (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 75, 102 S.Ct. 1534, 1540, 71 L.Ed.2d 748 (1982)).

■ Therefore, in determining whether the excise tax imposed under § 4975 is a tax or a penalty, we first look to the express language of the statute itself. Section 4975(a) provides as follows:

Initial taxes on disqualified persons— There is hereby imposed a *tax* on each prohibited transaction. The rate of *tax* shall be equal to 5% of the amount involved with respect to the prohibited transaction for each year (or part thereof) in the taxable period. The *tax* imposed by this subsection shall be paid by any disqualified person who participates in the prohibited transaction (other than a fiduciary acting only as such). (emphasis added).

Starting with the clear language of the statute and applying its ordinary meaning, the court is constrained to find that the excise tax imposed by § 4975(a) is properly considered a tax under the Code, not a penalty. Had Congress intended the excise tax to be considered a penalty, it could have employed language indicating its desire to impose a penalty rather than a tax. Congress has designated certain payments under the Code as penalties rather than taxes, and we assume Congress expressed

its intent through the ordinary meaning of the words it used. *See* I.R.C. §§ 6651–6662 (relating to Additions to the Tax, Additional Amounts, and Assessable Penalties within the meaning of § 6601(e).

Applying the ordinary meaning of the statutory language does not, however, end the court's inquiry. Plaintiff argues that the court should ignore the actual language of § 4975(a) and focus instead on the purposes for which the statute was passed. Plaintiff argues that § 4975 is designed to impose a fine or sanction for persons who engage in prohibited transactions. Because the purpose of § 4975 is to regulate conduct, plaintiff's argument continues, the statute is more akin to a penalty rather than a tax. Thus, plaintiff draws a distinction between a penalty which regulates conduct and a tax which is related to the generation of federal revenue.

Plaintiff may accurately describe why § 4975 was enacted, but plaintiff's argument does not address the question before the court. The court is bound by the ordinary language of the statute unless application of the ordinary language conflicts with an avowed congressional purpose or leads to absurd results. Plaintiff has cited no legislative authority, nor can we find authority, for the proposition that Congress intended § 4975 to be considered a penalty for purposes of interest accruals. While § 4975 may have an underlying penal nature, it is insufficient to overcome the express language used by Congress that § 4975 is a tax. We must assume that Congress used the term "tax" to impose a tax under the Code and within the meaning of § 6601(a).

In addition, our conclusion leads to no absurd results. Section 6601(a) refers to taxes imposed by all sections of the Code. We fail to see why Congress' express and unambiguous language should be ignored simply because the excise tax regulates certain conduct of the taxpayer.

Cases cited by the plaintiff in support of his theory that the express language of § 4975(a) are irrelevant for purposes of the statute's interpretation do not alter our application of binding canons of statutory

construction here. Specifically, plaintiff cites *In re Kline*, 403 F.Supp. 974 (D.Md. 1975), *aff'd*, 547 F.2d 823 (4th Cir.1977) (per curiam opinion), and *In re Unified Control Sys.*, 586 F.2d 1036 (5th Cir.1978), which concluded that an analogous excise tax provision, I.R.C. § 4941(a)(1) (1982),[4] was a penalty, not a tax. *Kline* and *Unified Control* involved the construction of § 57(j) of the Bankruptcy Act of 1898[5] which prevented the United States from securing creditor preferences in bankrupt estates for debts created by the Code which were not related to income generation. Thus, any federal revenue measure which was unrelated to production of income was a penalty and could not be exercised for preferential treatment by the IRS.

■ *In re Kline* held that given the purpose of § 57(j), the debt owed pursuant to § 4941 was a penalty since it actually regulates conduct and is not an income producing measure meriting preferential treatment in bankruptcy. *Unified Control*, relying on *Kline*, reached the same conclusion. We distinguish both *Kline* and *Unified Control* from the present case, however, on the grounds that these cases interpreted § 57(j) of the Bankruptcy Act and decided the cases in conformance with the express congressional bankruptcy policy to prevent the United States from securing preferences over other creditors when the government's interest in the revenue was insufficiently related to income generation. There is no similar conflicting congression-

al policy in the present case. Nor must we consider any other related statutes or congressional policies. We are concerned here only with the specific language of § 4975(a). In other words, the fact that the *Kline* and *Unified Control* courts chose to interpret a debt owed under the analog of § 4975 as a penalty for purposes of the Bankruptcy Act does not require us to reach a similar conclusion when determining whether the amount paid under § 4975 is a tax or a penalty for purposes of the Code.

Plaintiff also relies on *Farrell v. United States*, 484 F.Supp. 1097 (E.D.Ark.1980),[6] a non-bankruptcy case, which held that § 4941 imposed a penalty and that because plaintiff paid the penalty within the proscribed time, no interest accrued on the amount. Instead of basing its decision upon the plain language of § 4941, however, the court relied extensively on *Kline* and *Unified Control* for the proposition that the word "tax" was not controlling. 484 F.Supp. at 1098. Noting that § 4941 regulates conduct rather than generates income, the court ultimately concluded that § 4941 was a penalty within the meaning of § 6601(e)(2).

In reference to the argument that *Kline* and *Unified Control* are cases construing § 57(j) of the Bankruptcy Code, *Farrell* held that the *Kline* and *Unified Control* courts first held that § 4941 was a penalty and then decided that the debts owing to the United States and created by § 4941

---

**4.** I.R.C. § 4941(a)(1) provides:
   (a) Initial taxes—
      (1) *On self-dealer*—There is hereby imposed a tax on each act of self-dealing between a disqualified person and a private foundation. The rate of tax shall be equal to 5 percent of the amount involved with respect to the cost of self-dealing from each year (or part thereof) in the taxable period.
Although the statutes address separate forms of conduct, the language employed in § 4975 and § 4941 are unmistakably similar. For argument's sake only, the court is willing to treat the effect of language in § 4975 and § 4941 as identical for purposes of discussing the § 4941 cases upon which plaintiff relies so heavily.

**5.** 11 U.S.C. § 93(j) (Repealed 1979) provided: Debts owing to the United States ... as a penalty ... shall not be allowed, except for

the amount of pecuniary loss suspended by the act, transaction, or proceeding out of which the penalty ... arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

**6.** Plaintiff cites *Rockefeller v. United States*, 572 F.Supp. 9 (E.D.Ark.1982), *aff'd*, 718 F.2d 290 (8th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984). The district court in *Rockefeller* decided the case relying exclusively on *Farrell*. The Eighth Circuit, in a per curiam opinion, affirmed the § 4941 issue without discussion. Because both *Rockefeller* opinions base their holdings on *Farrell* without elaboration, we believe *Farrell* is the case upon which plaintiff relies in substance.

should be disallowed under § 57(j). 484 F.Supp. at 1099. We disagree with the *Farrell* court's analysis of the *Kline* and *Unified Control* cases. Our reading of *Kline* and *Unified Control* is that those cases construed § 57(j) of the Bankruptcy Code only.[7] Therefore, the *Farrell* example does not persuade us that the express language of § 4975 should be ignored in the present context to reach the result that the statute imposes a penalty, instead of a tax.

Finally, plaintiff cites a case in which one of plaintiff's associates also received notice of an excise tax deficiency with accrued interest payments arising out of the same or similar prohibited transactions involved here. In *Feldman v. United States*, No. 85–3904, slip op. (S.D.Fla.1986), the district court for the Southern District of Florida specifically held that § 4975(a) imposes a penalty, not a tax within the meaning of §6601(e)(2).

 Again, the court chose to ignore the language of § 4975 and focused on the underlying regulatory purpose. Once again, we disagree with this result. We are unconvinced that the court is permitted to override the express and unambiguous language of § 4975 unless to do so conflicts with an obvious and stated congressional purpose or where absurd results would obtain. Unlike the circumstances in *Kline* and *Unified Control* where stated congressional policy concerns are imbedded in other statutes such as the Bankruptcy Act, we are unable to ignore the express language of the statute.

We, therefore, hold that the excise tax imposed by § 4975 is indeed a tax consistent with the language used. We are unpersuaded that our conclusion runs contrary to any stated congressional purpose or reaches an absurd result.

7. To the extent that *Kline* and *Unified Control* can be read to construe § 4941 instead of § 57(j), we disagree with that result for the following reasons: First, we find no modern support in the Supreme Court for the *Kline* court's proposition that "[t]he name given to the exaction by the legislature is not conclusive." *Kline,* 403 F.Supp. at 978 (citing *New Jersey v.*

Because § 4975(a) is a tax, the IRS has statutory authority under § 4975(a) and § 6601(a) to both impose the tax and interest thereon. Accordingly, defendant's motion for summary judgment will be granted and plaintiff's motion for summary judgment will be denied.

An appropriate order will follow.

*Anderson,* 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 (1906)). Second, we find no authority that the congressional purpose controls the interpretation of the statute irrespective of the unambiguous language used. *See* 403 F.Supp. 978. As our discussion above indicates, the opposite is, by law, binding upon the court here.